**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT J. WILLIAMS, | ) | CASE NO. 1:16 CV 1053 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Vincent J. Williams filed this action under 42 U.S.C. § 1983 against the State of Ohio, the Ohio Attorney General, the Cuyahoga County Prosecutor's Office, and the Cleveland Municipal Court.  In the Complaint, Plaintiff challenges his on-going criminal prosecution in Cuyahoga County.  He seeks monetary damages.

## I.      Background

Plaintiff is being prosecuted in the Cuyahoga County Court of Common Pleas on three counts of rape, one count of gross sexual imposition, one count of aggravated robbery and two counts of kidnaping.  The crime occurred June 2, 1995.  A fingerprint in the victim's car was matched to Plaintiff.  The victim's medical records from the time of the rape were also examined.  Plaintiff does not indicate the results of any tests conducted on the physical evidence collected at the time of the crime.  He indicates he does not match the description of the suspect that the victim provided twenty years ago.  He further indicates the victim was recently shown a

photo lineup and could not positively identify Plaintiff as the perpetrator of the assault.

Plaintiff was indicated on June 1, 2015.  He was arrested in Georgia and brought to the State of Ohio to stand trial.  Plaintiff contends there is not enough evidence of his guilt to prosecute him.  He claims the State of Ohio is liable to him for damages because the Bureau of Criminal Investigations investigator failed to conduct a second interview with the victim to follow up on inconsistencies in her description of the suspect.  He asserts that the Prosecutor's Office brought charges knowing there was not enough evidence to him.  Finally, he claims Cleveland Municipal Court Judge Ronald B. Adrine allowed him to be extradited from Georgia. He asserts that his prosecution should have been stopped at the Municipal Court level.

## II.        Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual

allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## III.     Analysis

Criminal charges are still pending against Plaintiff in the Cuyahoga County Court of Common Pleas, and this Court must abstain from hearing challenges to the state court proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is

-3-

mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present.  The state court case is still pending and state criminal matters are of paramount state interest.  *See Younger*, 401 U.S. at 44-45.  The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims.  *Moore v. Sims*, 442 U.S. 415, 430 (1979).  The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims.  *Pennzoil Co.*, 481 U.S. at 14.  When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.  Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action.  The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

Generally, the *Younger* doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter.  *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998); *see also Schrock v. Fredrick*, No. 5:13 CV 2086, 2013 WL 5670976, at *5 (N.D. Ohio Oct. 16, 2013); *Myers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 206–07 (6th Cir. Aug.7, 2001).  Plaintiff, however, failed to state a viable claim for damages against any of the Defendants, and there would be no point in staying this case.  It

must be dismissed. *See Wheat v. Jessamine Journal Newspaper*, No. 95–6426, 1996 WL 476435, at *1 (6th Cir. Aug.20, 1996) (stating that it was proper for the district court to dismiss Plaintiff's damages claims, rather than hold them in abeyance, when the Plaintiff failed to state a valid claim for relief).

As an initial matter, the State of Ohio, and the Ohio Attorney General are immune from suits from damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon states, state agencies, or state officials sued in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

In addition, the Cuyahoga County Prosecutor's Office and the Cleveland Municipal Court are not a proper parties to this case. They are not *sui juris,* meaning they are not entities which can sue or be sued . Instead, they are subunits of their respective municipalities. *See Jerry v. Lake Cty./Bd. of Cty. Comm'rs*, No. 1:09 CV 2079, 2010 WL 3069561, at *1 (N.D. Ohio July 31, 2010)(Municipal Court and County Probation Department are not *sui juris*); *Ebbing v. Butler Cty., Ohio*, No. 1:09 CV 00039, 2010 WL 596470, at *6 (S.D. Ohio Feb. 16, 2010)(County Sheriff's Office and Common Pleas Court are not legal entities capable of being sued); *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D. Ohio 2003)("The "Police Department, being a mere arm of the City ..., is not its own entity, and is not capable of being sued ( i.e., it is not sui juris ).")

Even if the Court construes the claims against the Prosecutor's Office and the Cleveland Municipal Court as claims against Cuyahoga County and the City of Cleveland, Plaintiff failed to state a plausible claim for relief against them. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat*

*superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978).

"Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).  Plaintiff challenges the decision to prosecute him for rape and kidnaping, claiming there is insufficient evidence to support the charges.  There is no plausible suggestion in the Complaint that this decision was based on a policy or custom of the City of Cleveland or Cuyahoga County.

To the extent Plaintiff intended to assert this claim against the individual prosecutors assigned to his case or against the Cleveland Municipal Court Judge that presided over his case, he also fails to state a claim upon which relief may be granted.  Prosecutors are entitled to absolute immunity  from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court.  *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).  This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages.  *Id.* These suits could be expected with some frequency, for a Defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the prosecutor.  *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525.  Absolute immunity is

-6-

therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). In this instance, the challenged actions of Cuyahoga County Prosecutors are all intimately associated with the judicial phase of Plaintiff's prosecution. They are absolutely immune from suits for damages.

Cleveland Municipal Court Judge Ronald B. Adrine is also absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff alleges the prosecutor took his case directly to the grand jury and obtained an indictment. He appears to assert all criminal cases must start with arrest, arraignment in the Municipal Court, and bind over to the Court of Common Pleas. Plaintiff misreads criminal procedure rules. To the extent that Judge Adrine

had any role in determining if charges would be brought against the Plaintiff, he is absolutely immune from suits for damages.

## IV.    Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


                                                   */s/ John R. Adams*
                                      JOHN R. ADAMS
                                      UNITED STATES DISTRICT JUDGE


Dated: June 30, 2016

---

28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.